**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES L. HALE, Jr., | No. 10-56906 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-00570-DMG-VBK |
| v. | |
| MATTHEW L. CATE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and GLEASON, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sharon L. Gleason, District Judge for the United States District Court for the District of Alaska, sitting by designation.

Pursuant to a limited certificate of appealability,[1] Petitioner-Appellant Charles L. Hale Jr. appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). AEDPA restricts federal courts from granting the writ of habeas corpus to petitioners in custody pursuant to a state-court judgment on the merits unless the defendant can show that the state court's last reasoned adjudication of the defendant's federal claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1] Hale's motion to expand the certificate of appealability to include the issue of whether the cumulative effect of the evidentiary issues raised in this appeal rendered the trial fundamentally unfair is **DENIED**. *See* 9th Cir. R. 22-1(e). No "jurists of reason could disagree" with the district court's rejection of the cumulative effects claim because no error contrary to established federal law occurred in the admission or exclusion of evidence. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

2

Following a jury trial, Hale was convicted in state court of kidnaping to commit rape in violation of California Penal Code § 209(b)(1), making terrorist threats in violation of California Penal Code § 442, and rape in concert with another in violation of California Penal Code § 261(a)(2). Hale contends that the trial court made two key evidentiary errors that violated his constitutional rights. But "[s]imple errors of state law do not warrant federal habeas relief." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Instead, under AEDPA, "even clearly erroneous" evidentiary errors "that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Id*. (quoting 28 U.S.C. § 2254(d)).

Hale first contends that he was denied his right to a fair trial and to present a complete defense when the trial court excluded the testimony of his eyewitness-identification expert. He sought to use this testimony to challenge the validity of the identifications of him made by the victim and another witness. The California Court of Appeal concluded that the trial court did not err in excluding this testimony because (1) lay jurors could appropriately assess the reliability of the identifications without expert assistance, (2) Hale's counsel could elicit most points that the expert would have made through cross-examination of the

3

witnesses, and (3) California case law did not require admission of the expert's testimony because the identifications of Hale as the perpetrator were corroborated by each other and by other evidence. Hale cites to no Supreme Court precedent establishing a constitutional right to present expert eyewitness-identification testimony and in *Nevada v. Jackson* the Supreme Court held that exclusion of evidence under state law for the purpose of focusing the fact-finder and conserving judicial resources was appropriate and did not impinge on a defendant's right to present a complete defense. No. 12-649, 2013 WL 2371469, at *2–3 (June 3, 2013) (reversing the Ninth Circuit's grant of habeas corpus relief). The Ninth Circuit has also stated that "[e]ven if the admission of expert testimony concerning eyewitness identification is proper under certain circumstances, there is no federal authority for the proposition that such testimony must be admitted." *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (internal quotation marks and alterations omitted); *see also Barker v. Fleming*, 423 F.3d 1085, 1089 n.1 (9th Cir. 2005) (declining to extend a certificate of appealability); *Jordan v. Ducharme*, 983 F.2d 933, 938–39 (9th Cir. 1993) (affirming denial of habeas petition).

Hale next contends that the admission of a gang expert's testimony describing "a horrific gang rape and sodomy of a deaf girl committed by other gang members violated [his] constitutional rights to a fair trial." But the California

4

Court of Appeal's decision, which found relevant the description of the deaf girl's rape, is not inconsistent with federal law as established by the United States Supreme Court, and Hale's argument runs counter to circuit precedent. *See Holley v. Yarborough*, 568 F.3d at 1098, 1101; *see also Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006) (noting that the court may look to circuit case law as persuasive authority in determining what is clearly established federal law).

**AFFIRMED.**